**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

SUSAN GILIBERTI AND GUY GILIBERTI                           CIVIL ACTION

VERSUS                                                                              NO: 07-7213

HARTFORD INSURANCE COMPANY                             SECTION "T" (3)

**ORDER AND REASONS**

Before the Court is Defendant's Motion to Dismiss pursuant to FRCP 12(b)(6).  Rec. Doc. 4.  Plaintiffs filed an Opposition to the Motion.  Rec. Doc. 10.  The matter came for hearing on December 12, 2007, and was submitted on the briefs without oral argument. The Court having considered the memoranda and arguments of the parties, the record, the law, and applicable jurisprudence is fully advised in the premises and is ready to rule.

**I.      BACKGROUND**

This action involves an insurance dispute arising out of damage sustained to property by Hurricane Katrina.  The action was removed to this Court from the Louisiana 24th Judicial District Court, Parish of Jefferson, on October 23, 2007.  The action was filed against "The Hartford Insurance Company."  However, The Hartford Insurance Company of the Midwest and not The Hartford Insurance Company, issued the policy at issue herein.  Thus, the Hartford Insurance Company of Midwest filed this Motion to Dismiss arguing that because The Hartford Insurance Company does not exist as a legal entity and there are not any other claims raised in the Complaint against The Hartford Insurance Company of the Midwest, that the action should be dismissed as to this later entity for failure to state a claim.  See Rec. Doc. 4 at pp. 2-3.

Plaintiffs argue that the Motion is moot because an Amended Complaint has been filed adding The Hartford Insurance Company of the Midwest as the proper defendant.  Rec. Doc. 10. The amended pleading states that in the original petition, Plaintiffs failed to fully named the

defendant by mistake.  Rec. Doc. 6 at p. 1.

## II.    LAW AND ANALYSIS

Federal Rule of Civil Procedure 15(a) provides, in pertinent part:

> (a) Amendments Before Trial.
> (1) Amending as a Matter of Course. A party may amend its
> pleading once as a matter of course:
> (A) before being served with a responsive pleading; or
> (B) within 20 days after serving the pleading if a responsive
> pleading is not allowed and the action is not yet on the trial
> calendar.

Responsive pleadings have not been filed in this matter.  As such, Plaintiffs' timely filed their pleadings without leave of Court adding The Hartford Insurance Company of the Midwest to this action.  Now the issue becomes whether the Complaint states a claim as to the Defendants named therein.

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) "is viewed with disfavor and is rarely granted."  *Lowery v. Texas A&M University System*, 117 F.3d 242, 247 (5th Cir. 1997); *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982).  The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the original complaint must be taken as true.  *Oliver v. Scott,* 276 F.3d 736, 740 (5th Cir.2002); *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1980).  The Fifth Circuit has pointed out the proper inquiry on at Rule 12(b)(6) motion is "whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief."  *Lowery*, 117 F.3d at 247, citing 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, §1357, at 601 (1969).

Defendants are correct that the Complaint does not state a claim against The Hartford Insurance Company as it is not the company that wrote the applicable policy.  Hence, The Hartford

Insurance Company was erroneously named and the Motion is granted as to that entity.  After reviewing the Complaint and the Amended Complaint, the Court finds that the pleadings state a claim for relief as to The Hartford Insurance Company of the Midwest.  Accordingly, the Motion to Dismiss is denied to the extent it seeks dismissal of the entire action.

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion to Dismiss, Rec. Doc. 4, is **DENIED IN PART** and **GRANTED IN PART**.  The  Motion is **DENIED** as to The Hartford Insurance Company of the Midwest and **GRANTED** as to The Hartford Insurance Company.  The Hartford Insurance Company shall be terminated from this action.

New Orleans, Louisiana this 22nd day of January, 2008.

_____
**UNITED STATES DISTRICT JUDGE**
**G. THOMAS PORTEOUS, JR.**